RICHARD C. COSEY *et al.*, Plaintiffs-Appellees, v. METRO EAST SANI-TARY DISTRICT, Defendant and Third-Party Plaintiff-Appellant (Pfizer Pigments Incorporated, Third-Party Defendant and Counterplaintiff-Appellee and Cross-Appellant; Rodney Hunt Company, Third-Party Defendant and Counterdefendant-Appellee and Cross-Appellee; The Village of Sauget *et al.*, Third-Party Defendants and Appellees).

Fifth District   No. 5—90—0402

Opinion filed November 14, 1991.

Walter C. Brandon, Jr., of Cueto & Cueto, Ltd., of Belleville, for appellant.

Eric C. Young and Edward L. Adelman, both of Dunham, Boman & Leskera, of East St. Louis, for appellee Rodney Hunt Company.

Thompson & Mitchell, of Belleville (Thomas F. Hennessy III and Jeanne Philips-Roth, of counsel), for appellee Pfizer Pigments, Incorporated.

Charles J. Kolker, of Belleville, for appellees Richard C. Cosey et al.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiffs (hereinafter referred to as Cosey) filed a class action to recover damages for personal injuries and property losses from the Metro East Sanitary District (Metro) after the Mississippi River flooded southern East St. Louis in October 1986. Metro filed a third-party complaint against the City of East St. Louis, the Village of Sauget, Pfizer Pigments, Inc., Ulmer Equipment Company, and the Rodney Hunt Company (Hunt), manufacturer of the allegedly faulty sluice gate which precipitated this cause of action. Metro's complaint against Hunt alleged in part that Hunt breached:

"a) An implied warranty of fitness for a particular purpose (that is, that the sluice gate would be able to withstand 44.0' head of pressure);

b) An express warranty that the sluice gate would have a useful life, and would function properly, for 50 years;

c) An implied warranty of merchantability."

Metro's prayer for relief prayed:

"[T]hat—if the plaintiffs recover a judgment against it—it be granted a judgment against the third-party defendant, Rodney Hunt Company, a Massachusetts corporation, and Ulmer Equipment Company, a Missouri corporation, in an amount commensurate with the third-party defendants' relative degrees of fault in causing the alleged injuries and damages of the plaintiffs."

Hunt was not named as a primary defendant by the plaintiff class.

On May 24, 1990, the trial court approved a settlement between Hunt and the plaintiff class. Counsel for Metro argued that Hunt could not be discharged under the Contribution Act (Ill. Rev. Stat. 1989, ch. 70, par. 301 et seq.) because Metro's third-party complaint against Hunt included a count sounding in contract. Pfizer Pigments, Inc. (Pfizer), whose cross-claim against Hunt incorporated the con-

tract claim in Metro's complaint against Pfizer, voiced a similar objection to the dismissal of its cross-claim against Hunt. The trial court overruled the objections and relieved Hunt from all liability for contribution to Metro and Pfizer by dismissing all pending third-party complaints against Hunt with prejudice. Metro appeals from the trial court's dismissal of its third-party complaint, and Pfizer Pigments, Inc., appeals from the court's dismissal of all counts of its cross-claim against Hunt.

Both Metro and Pfizer raise the issue of whether a third-party complaint and/or a cross-claim which sounds in contract may be dismissed pursuant to the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1989, ch. 70, par. 301 *et seq.*) when the third-party defendant agrees to settle with the primary plaintiffs. To address this issue we must examine the language of the Contribution Among Joint Tortfeasors Act (Contribution Act):

"§1. This Act applies to causes of action arising on or after March 1, 1978.

§2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability.

(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement.

(f) Anyone who, by payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution. This provision does not affect any right of contribution nor any right of subrogation arising from any other relationship.

§3. Amount of Contribution. The pro rata share of each tortfeasor shall be determined in accordance with his relative culpability. However, no person shall be required to contribute to one seeking contribution an amount greater than his pro rata share unless the obligation of one or more of the joint tortfeasors is uncollectable. In that event, the remaining tortfeasors shall share the unpaid portions of the uncollectable obligation in accordance with their pro rata liability.

If equity requires, the collective liability of some as a group shall constitute a single share.

§4. Right of Plaintiff Unaffected. A plaintiff's right to recover the full amount of his judgment from any one or more defendants subject to liability in tort for the same injury to person or property, or for wrongful death, is not affected by the provisions of this Act.

§5. Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." Ill. Rev. Stat. 1989, ch. 70, pars. 301 through 305.

Hunt argues that the settlement agreement was entered into based on the language of the Contribution Act and the rule that contribution actions are barred against a third-party defendant who settles directly with the plaintiff. (See *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 546 N.E.2d 524.) Hunt cites *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, in support of its assertion that all contribution actions against Hunt are barred as a result of the settlement.

In *Doyle* the supreme court held that the immunity of an employer from an action by an injured employee provided by the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.5(a), 138.11) did not bar an action for contribution against the employer by

a third party who was partially responsible for the employee's injury. The court held that such a result was consistent with the intent of the contribution statute: to reach anyone who is culpable regardless of whether they have been immunized from a direct tort action by some special defense or privilege. Thus, the court held "[t]he potential for tort liability [against the employer] exists until the defense is established." *Doyle,* 101 Ill. 2d at 10-11, 461 N.E.2d at 387.

The term "subject to liability in tort" continues to be broadly interpreted:

"The Act expressly conditions the right to contribution upon a shared liability in tort ***. [Citation.] Although not sued in tort, appellee herein clearly qualified as a party *potentially 'liable in tort'* for Christopher's death." (Emphasis added.) *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 848, 498 N.E.2d 690, 695.

Hunt argues that like *Doyle* and cases following it, the term "subject to liability in tort" is the key in the instant case. We disagree. The cases Hunt relies on focus upon the interpretation of that term as it is utilized in section 2(a) of the Contribution Act. (Ill. Rev. Stat. 1989, ch. 70, par. 302(a).) The question in those cases applying the term "subject to liability in tort" is whether or not a third-party complaint states a cause of action for contribution. The question which those cases do not address, and which is the subject of this appeal, is whether a third-party complaint or cross-claim which seeks recovery based on contract is dischargeable pursuant to the Contribution Act.

■■ ■ We believe the focus of this inquiry is the language in section 2(d) of the Contribution Act:

"(d) The tortfeasor who settles with a claimant *** is discharged from all liability for *any contribution* to any other tortfeasor." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 70, par. 302(d).)

Contribution is predicated upon tort, not contract, liability. (See *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197.) Contribution is a statutory remedy which involves a sharing of payment of damage awards and is available to all parties who are subject to liability in tort arising out of the same injury. (*Hennepin Drainage & Levee District v. Klingner* (1989), 187 Ill. App. 3d 710, 711, 543 N.E.2d 967, 968.) Those counts in Metro's complaint and Pfizer's cross-claim which allege that Hunt breached contractual obligations also pray that they be awarded judgment against Hunt pursuant to the Contribution Act. Hunt argues that by pleading in this fashion, Metro and Pfizer have agreed to be barred by the terms of the Con-

tribution Act. Metro and Pfizer argue that the assertion of entitlement to contribution in those counts sounding in contract arise from the contractual relationship between the parties. They contend that the liability, if any, imposed on Hunt as a consequence of those counts will be the result of a breach of contract, not of tortious conduct.

■ The trial court found that the counts sounding in contract are in fact actions for contribution. The counts which Metro and Pfizer claim should not have been dismissed refer to the Contribution Act and request relief based only on contribution. As now pled, the trial court did not err in regarding the counts as claims for contribution and dismissing them on that basis. (See *Frazer v. A.F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, 527 N.E.2d 1248.) However, the trial court erred in not allowing Metro and Pfizer leave to file amended pleadings alleging their right to recover based on contract and not the Contribution Act. In ruling on a motion to dismiss, all well-pleaded facts within a complaint, as well as all reasonable inferences which can be drawn from those facts, must be regarded as admitted and true. (*Basler v. Webb* (1989), 188 Ill. App. 3d 178, 544 N.E.2d 60.) In view of the statutory directive in section 2—603(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—603(c)) that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties," we find that the trial court erred in not granting leave to Metro and Pfizer to amend their pleadings.

Based on the foregoing, we reverse and remand this case with instructions to the trial court that the plaintiffs be given leave to amend their complaint and cross-claim against Hunt. We note that insofar as the implied warranty claims are concerned there is authority which suggests that such claims are actually based on tort and not contract. (See *Frazer v. A.F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, 527 N.E.2d 1248; *Maxfield v. Simmons* (1983), 96 Ill. 2d 81, 449 N.E.2d 110.) But we are unaware of any similar authority with regard to express warranty claims.

■ We will also address one final argument raised by Hunt and the plaintiff: whether Metro and Pfizer waived their challenge to the good faith of the underlying settlement by not raising the issue on appeal. Settlement is a goal of the Contribution Act. (Ill. Rev. Stat. 1989, ch. 70, par. 301 *et seq.*; *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 325, 472 N.E.2d 791, 795.) Once the settling parties represent to the court that they have reached a good-faith settlement and present its terms to the court, a presumption of validity arises and the burden of proof on the issue of good faith shifts to the party challenging the

good-faith nature of the settlement. *Pritchard v. SwedishAmerican Hospital* (1990), 199 Ill. App. 3d 990, 996-97, 557 N.E.2d 988, 992.

Metro and Pfizer challenged the settlement in the trial court. The settlement agreement provided in pertinent part:

> *"[F]ollowing final approval by the Court of the settlement, jointly move for a dismissal* with prejudice of Rodney Hunt Company as a Third Party Defendant in the consolidated class actions and further move for an Order discharging Rodney Hunt Company from all liability for contribution to others as set forth in the Contribution Statutes. The plaintiffs and Third Party Defendant will move for an order finding this settlement to be a good faith settlement under Chapter 70, Subsection 301 *et seq.*, Ill. Rev. Stat. [*sic*]." (Emphasis added.)

The trial court entered an order approving the settlement agreement. On the same day that order was entered the court entered an order which provides in part:

> "[T]he motion of *** Hunt Company for an order discharging it from all liability for any contribution to others including, but not limited to Metro *** and Pfizer *** pursuant to the provisions of Chapter 70, Section 301, *et seq.*, Ill. Rev. Stat., is hereby GRANTED and all pending Third Party Complaints and contribution claims against Rodney Hunt Company are dismissed with prejudice."

■ Metro and Pfizer do not contest the dismissal of their tort-based contribution claims against Hunt, nor do they contest the approval of the amount of the settlement agreement. Metro and Pfizer appeal from the court's order dismissing those counts seeking recovery in contract, which was entered subsequent to the order approving the settlement. There is no merit to Hunt's and plaintiffs' argument that this issue was waived.

In conclusion, we reverse and remand this cause to the circuit court of St. Clair County.

Reversed and remanded.

HOWERTON and LEWIS, JJ., concur.