DAVID BRUBAKKEN, Plaintiff-Appellant, v. HELEN MORRISON, Defendant-Appellee.—SAVIN CORPORATION, Plaintiff-Appellant, v. HELEN MORRISON, Defendant-Appellee.

First District (3rd Division)   No. 1—90—1670

Opinion filed December 30, 1992.—Rehearing denied February 5, 1993.

Steven E. Stern, of Chicago, for appellants.

Hollander & Hollander, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, David Brubakken, Ph.D., and the Savin Corporation, brought separate causes of action against defendant Helen Morrison, M.D., to recover upon two promissory notes in which defendant was a co-signer. A default judgment was entered in favor of plaintiff Brubakken and against defendant in the amount of $7,701.78; and a default judgment was entered in favor of plaintiff Savin and against defendant in the amount of $3,592.69. Defendant entered into stipulation agreements with plaintiffs for payment of the judgments. After making payments to plaintiffs totaling at least $7,200, defendant was unable to abide by the stipulation agreements due to the pending birth of a child. Defendant sent plaintiffs a letter seeking to have the stipulation agreements modified. Plaintiffs did not respond to defendant's request and filed a motion seeking to have defendant held in civil contempt based on her failure to abide by the stipulation agreements. Plaintiffs were represented by the law firm of Carmel, Baker & Marcus, Ltd.

The trial court entered an order denying plaintiffs' motion for contempt, but ruled that attorney Blair C. Greene from the law firm of Carmel, Baker & Marcus, Ltd., engaged in sanctionable conduct pursuant to amended section 2—611 of the Code of Civil Procedure, as amended by Public Act 84—1431, effective November 25, 1986 (amended section 2—611), when he attempted to collect amounts from

defendant in excess of the Brubakken judgment and failed to inform the court of a letter written by defendant to plaintiffs seeking to have the stipulation agreements modified. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) Amended section 2—611 was repealed and replaced by Supreme Court Rule 137, which became effective August 1, 1989. (134 Ill. 2d R. 137.) Following hearings on defendant's fee petition, the trial court imposed sanctions against Greene and Carmel, Baker & Marcus, Ltd., jointly and severally, in the amount of $6,686.70.

On appeal, plaintiffs contend that (1) the trial court erred when it imposed sanctions for conduct that amounted to an honest mistake; (2) the trial court erred when it imposed sanctions for activities that occurred prior to the effective date of amended section 2—611; (3) the trial court erred when it imposed sanctions for activities that occurred before another trial judge; (4) the trial court erred when it imposed sanctions where defendant's fee petition lacked sufficient detail upon which to base an award; (5) the trial court erred when it imposed sanctions where no evidence was proffered showing that defendant had actually paid attorney fees for defending against the sanctionable conduct; (6) Carmel, Baker & Marcus, Ltd., was denied due process of law when the trial court modified its previous order *sua sponte* to make the law firm jointly and severally liable for the conduct of its associate; (7) the trial court erred when it imposed sanctions against Carmel, Baker & Marcus, Ltd., after it discharged Greene from any personal liability arising from his conduct in this matter; and (8) the trial court erred when it ruled that defendant paid $6,782 in partial satisfaction of the Brubakken judgment where the record reveals payments of a lesser amount. We affirm in part, reverse in part and remand.

■ Plaintiffs first argue that the trial court erred when it imposed sanctions for conduct that amounted to an honest mistake. We disagree. Amended section 2—611 provides for the imposition of attorney fees and costs when an attorney files frivolous pleadings, motions or papers, or makes untrue statements to the court. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611; *Klairmont v. Elmhurst Radiologists* (1990), 200 Ill. App. 3d 638, 644-45, 558 N.E.2d 328, 332.) The purpose of this statute is to prevent abuse of the judicial process by sanctioning a party who makes unsupported assertions of fact or law or brings vexatious litigation predicated upon false statements. (*A & A Acoustics, Inc. v. Valinsky* (1990), 202 Ill. App. 3d 516, 522, 559 N.E.2d 1180, 1184.) A trial court's finding of sanctionable conduct will not be disturbed absent an abuse of discretion. *Professional Ther-*

*apy Services, Inc. v. Signature Corp.* (1992), 223 Ill. App. 3d 902, 917, 585 N.E.2d 1291, 1301.

The trial court first sanctioned Greene for attempting to collect amounts from defendant in excess of the Brubakken judgment. On July 15, 1987, Greene filed a motion for a *nunc pro tunc* order to increase the amount of the judgment entered in favor of Brubakken from $7,701.78 to $11,701.78. This motion was denied. Thereafter, Greene attempted to collect $15,970.10 from defendant for the Brubakken judgment, a sum $8,268.32 in excess of the Brubakken judgment. Greene argues that his attempt to collect an amount in excess of judgment was an honest mistake. Greene claims that he mistakenly merged the Brubakken and Savin judgments when he attempted to collect $15,970.10 for the $7,701.78 Brubakken judgment. After reviewing the record in its entirety, we cannot say that the trial court abused its discretion when it ruled that Greene's attempt to collect amounts from defendant in excess of judgment was a violation of the statute.

Greene was also sanctioned for failing to inform the trial court of a letter written by defendant to plaintiffs seeking to have the stipulation agreements modified due to the pending birth of a child. Greene does not deny the facts. Greene, however, contends that the statute only permits the trial court to sanction an attorney for filing a false pleading, motion or paper, and not for the passive conduct for which he was sanctioned.

■ Plainly, amended section 2—611 was intended to apply to all untrue statements given without reasonable cause to the court, whether active or passive, written or oral. Thus, in the present case, Greene's failure to disclose the existence of defendant's letter to plaintiffs in his motions for contempt or at any appearance before the trial court in connection with these motions is conduct within the purview of the statute. Accordingly, the trial court did not abuse its discretion when it ruled that Greene's failure to inform the trial court of defendant's letter to plaintiffs was a violation of amended section 2—611.

■ Plaintiffs next argue that the trial court erred when it imposed sanctions for conduct that occurred prior to the effective date of amended section 2—611. Amended section 2—611 expands the scope of its predecessor by, *inter alia*, permitting the trial court to sanction attorneys as well as parties for violations of the statute. Amended section 2—611, however, does not apply retroactively to violations that occurred prior to November 25, 1986. (*In re Marriage of Fahy* (1991), 208 Ill. App. 3d 677, 687, 567 N.E.2d 552, 558.) We,

therefore, must determine whether Greene's sanctionable conduct occurred after November 25, 1986.

On September 16, 1986, Greene filed a motion seeking to have defendant held in civil contempt for failing to abide by the stipulation agreements. Plaintiffs, however, were unable to obtain service on defendant on this motion, and on October 2, 1986, the trial court issued a rule to show cause why defendant should not be held in civil contempt. Thereafter, defendant filed substantially identical motions for contempt on December 18, 1986, January 29, 1987, February 19, 1987, and March 27, 1987.

■ Greene had an obligation to disclose the existence of defendant's letter to plaintiffs at the time of the filing of the initial motion for contempt, in each successive motion for contempt filed with the trial court, and in every appearance before the trial court in connection with the motion for contempt. It is clear that Greene failed to make the requisite disclosure during any of the subsequent motions for contempt filed after November 25, 1986, or during appearances before the trial court in connection with the motion after November 25, 1986. We also find that Greene's attempt to collect amounts in excess of judgment occurred concomitantly with his failure to disclose the existence of the letter. We, therefore, conclude that the trial court imposed sanctions against Greene for violations that occurred after November 25, 1986, the effective date of amended section 2—611.

■ Plaintiffs next argue that the trial court erred when it imposed sanctions for activities that occurred before another trial judge. Plaintiffs contend that Judge McCormick is without discretion to award sanctions after Judge Jones entered a final order on August 7, 1987, when he denied Brubakken's motion to correct the half sheet. An order is final if it terminates the litigation between the parties or disposes of their rights on some definite separate part of the litigation. (*Knox v. Keene Corp.* (1991), 210 Ill. App. 3d 141, 144, 569 N.E.2d 201, 203.) Following the entry of the August 7, 1987, order, litigation in the present case continued for almost three years. Furthermore, the August 7, 1987, order does not dispose of a separate part of the litigation. Accordingly, because the August 7, 1987, order was not a final order, Judge McCormick was not without discretion to enter sanctions against Greene in the present case.

■ Plaintiffs next argue that the trial court erred when it imposed sanctions where defendant's fee petition lacked sufficient detail upon which to base an award. A petition for attorney fees and costs brought pursuant to amended section 2—611 must meet minimum requirements of specificity so that a responding party has an opportu-

nity to challenge and defend against the allegations. (*Jackson v. Pellerano* (1991), 210 Ill. App. 3d 464, 473, 569 N.E.2d 167, 174.) Once a finding of sanctionable conduct has been made, a petition for fees must be presented to the court which adequately details the services performed, by whom they were performed, the time expended and the hourly rate charged. (*Harris Trust & Savings Bank v. American National Bank & Trust Co.* (1992), 230 Ill. App. 3d 591, 595, 594 N.E.2d 1308, 1312.) After the trial court makes a determination as to the reasonableness of attorney fees and costs, that determination will not be disturbed on appeal absent an abuse of discretion. (*Johns v. Klecan* (1990), 198 Ill. App. 3d 1013, 1018-19, 556 N.E.2d 689, 692.) It is plain that the fee petition here provides a full accounting of all work performed by defendant's counsel defending against Greene's sanctionable conduct. Defendant's fee petition includes a concise explanation of the nature of the task, the attorneys working on the matter, the amount of time expended and the hourly rate charged. In addition, we find that the trial court did not abuse its discretion when it imposed an award of fees and costs in the amount of $6,686.70.

■ Plaintiffs next argue that the trial court erred when it imposed sanctions where no evidence was proffered showing that defendant had actually paid attorney fees defending against Greene's sanctionable conduct. Plaintiffs contend that "since Morrison cannot prove the fees she paid on this matter, any award of sanctions is against the manifest weight of the evidence, as same is not reasonable." We find plaintiffs' argument to be completely without merit, since it is irrelevant to a finding of reasonableness whether a party has already paid his or her attorney fees.

Plaintiffs next argue that Carmel, Baker & Marcus, Ltd., was denied due process of law when the trial court modified its previous order *sua sponte* to make the law firm jointly and severally liable for the conduct of its associate. On March 13, 1990, the trial court entered an order imposing sanctions against Greene pursuant to amended section 2—611. On April 6, 1990, the trial court modified its March 13, 1990, order *sua sponte* to make Carmel, Baker & Marcus, Ltd., jointly and severally liable for the sanctions entered against Greene. Plaintiffs contend that the trial court's modification of its previous order violates due process under the United States and Illinois constitutions because it had no notice that sanctions against it were to be imposed.

■ A principal is liable for the acts of an agent committed within the scope of his authority. (*Lundberg v. Church Farm, Inc.* (1986), 151 Ill. App. 3d 452, 462, 502 N.E.2d 806, 813.) An attorney of a law

firm is an agent of the firm when acting in the exercise of his duties and pertaining to matters within the scope of his authority. (See *Werner v. Botti, Marinaccio & DeSalvo* (1990), 205 Ill. App. 3d 673, 679, 563 N.E.2d 1147, 1152.) In the present case, it is undisputed that Greene was an attorney at Carmel, Baker & Marcus, Ltd., acting in the exercise of his duties and within the scope of his authority at the time of his sanctionable conduct. Carmel, Baker & Marcus, Ltd., therefore, is jointly and severally liable for the sanctions entered against Greene, regardless of the April 6, 1990, order. Accordingly, because the April 6, 1990, order does not alter the rights or liabilities of the parties, Carmel, Baker & Marcus, Ltd., was not denied due process of law.

■ Plaintiffs next argue that the trial court erred when it imposed sanctions against Carmel, Baker & Marcus, Ltd., after it discharged Greene from any personal liability arising from his conduct in this matter. On April 16, 1990, the trial court entered an order vacating the sanctions it imposed against Greene individually, but retaining the sanctions against Carmel, Baker & Marcus, Ltd. In its ruling, the trial court stated:

> "Having listened to Mr. Greene's recitation as to how he, as an employee of the firm, worked within the procedures employed by that firm, it would appear that he did not have the responsibility, that the conduct complained of, or that transpired in this matter, to be specifically directed to him.
>
> It would appear that the overall responsibility for the legal representation of the plaintiff in this case is with the firm of Carmel, Baker & Marcus; that the attorney did not have the wide range of involvement and discretion."

While it may be true that Greene did not have absolute discretion over the management of this case, Greene cannot disclaim responsibility for his actions here on the grounds that he was acting under the direction of a supervising attorney or that other attorneys had been working on the case prior to his involvement. The record indicates that Greene had sufficient discretion and control over the present case that he must ultimately be held responsible for his conduct. We, therefore, conclude that the trial court erred when it discharged Greene from any personal liability arising out of his conduct in the present case. Accordingly, the order vacating the sanctions against Greene is reversed, and the order imposing the sanctions against Greene and Carmel, Baker & Marcus, Ltd., jointly and severally, is reinstated.

Plaintiffs next argue that the trial court erred when it ruled that defendant paid $6,782 in partial satisfaction of the Brubakken judgment where the record reveals payments of a lesser amount. We are unable to determine from the record the amount defendant has paid to plaintiff Brubakken. This matter, therefore, must be remanded for further proceedings to determine the amount paid by defendant in partial satisfaction of the Brubakken judgment and entry of an appropriate order.

Accordingly, the judgment of the circuit court is affirmed, except that the April 16, 1990, order is reversed. The case is remanded for further proceedings consistent with what is stated herein.

Affirmed in part; reversed in part and remanded.

TULLY and CERDA, JJ., concur.