7 July 2000

No. 3--99--0697

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

SAMUEL LEVIN, ) Appeal from the Circuit Court

) for the 12th Judicial Circuit

Plaintiff-Appellant, ) Will County, Illinois 

) 

v. )

) 

SEIGEL AND CAPITEL, LTD., ) 

) 

Defendant--Appellee, ) 

)

(SPIVEY MARINE AND HARBOR     ) No. 95--L--13284

SERVICE COMPANY, an Illinois ) 

corporation, and BILLY J. ) 

SPIVEY, Indiv., )

)

 Plaintiffs, ) 

)

v. ) 

) 

FIRST MIDWEST BANK/ILLINOIS, ) 

N.A., a national banking )

institution, MCKEOWN, )

FITZGERALD, ZOLLNER, BUCK, )

HUTCHINSON AND RUTTLE, a )

partnership, and DAVID L. )

RUTTLE, Indiv., ) Honorable

) Lawrence C. Gray, 

Defendants.) ) Judge Presiding

JUSTICE HOMER delivered the opinion of the court:

The sole issue on appeal is whether the trial court erred in dismissing an associate attorney's complaint against his law firm, seeking contribution and/or indemnification for any sanctions that may be imposed against him, pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) in a pending action.  After our careful review, we affirm the trial court's dismissal of the attorney's complaint.

FACTS

The law firm of Seigel & Capitel, Ltd. (law firm) represented Bill Spivey and his company, Spivey Marine and Harbor Service (Spivey), in the prosecution of a lender's liability action against First Midwest Bank (Bank).  Samuel Levin, an associate attorney with the law firm, was the attorney of record in the case and signed all substantive pleadings.

After the underlying action was terminated by summary judgment, the Bank filed a motion for Supreme Court Rule 137 sanctions against Spivey, Levin, and the law firm.  The Bank asserted that allegations in pleadings and other documents filed in the underlying case were unfounded and not made in good faith. 

In response, Levin filed a complaint for contribution and/or indemnification against the law firm.  Levin alleged that he was supervised by partners at the law firm during his handling of Spivey's lawsuit and that he was acting within the scope of his duties as an associate attorney at the time.  He contends, therefore, that under principles of agency the law firm should be held jointly and severally liable for any sanctions imposed upon him.

The law firm moved to dismiss Levin's complaint pursuant to section 2--615 of the Code of Civil Procedure (Code) (735 ILCS 5/2--615 (West 1998)).  In granting the law firm's motion, the court held that Levin's complaint did not fall within the purview of section 2--1117 of the Code (735 ILCS 5/2--1117 (West 1998)) or any contractual relationship between the parties.  The trial court made Supreme Court Rule 304(a) findings (155 Ill. 2d R. 304(a)), and this appeal by Levin followed.

ANALYSIS

A motion to dismiss under section 2--615 of the Code challenges the legal sufficiency of a complaint.  735 ILCS 5/2--

615 (West 1998).  On appeal, this court must conduct 
de
 
novo
 review to determine whether sufficient facts are contained in the pleadings which, if proved, would entitle the plaintiff to relief.  
Roehrborn v. Lambert
, 277 Ill. App. 3d 181, 183, 660 N.E.2d 180, 181-82 (1995).  In doing so, we must accept as true all well-pleaded facts, and all reasonable inferences from those facts must be drawn in favor of the nonmoving party.  
McCormick v. Kruk
, 220 Ill. App. 3d 449, 451, 581 N.E.2d 73, 75 (1991).

Levin contends that the allegations in his complaint establish a cause of action for indemnification and/or contribution against his law firm.  Citing 
Brubakken v. Morrison
, 240 Ill. App. 3d 680, 608 N.E.2d 471 (1992),  Levin argues that when an associate attorney engages in sanctionable conduct while acting within the scope of his authority and in the exercise of his duties, his law firm is jointly and severally liable for any sanctions imposed against him.

In response, the law firm argues that Levin's association with the law firm is insufficient to subject it to any liability for such sanctions.  Citing 
Pavelic & LeFlore v. Marvel Entertainment Group
, 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989), the law firm contends that Levin, as the individual who signed the offending documents as Spivey's attorney, is solely responsible for his sanctionable conduct.

The right of indemnification and the right of contribution are separate and distinct concepts.  Contribution is a statutory remedy which involves the sharing of liability for damages among joint tortfeasors according to each tortfeasor's relative percentage of fault.  740 ILCS 100/2 (West 1998); 
Cosey v. Metro-

East Sanitary District
, 221 Ill. App. 3d 205, 209, 581 N.E.2d 914, 917 (1991).  In contrast, indemnification is a common law principle which allows one tortfeasor to shift the entire loss to another tortfeasor.  
Dixon v. Chicago & North Western Transportation Co.
, 151 Ill. 2d 108, 118, 601 N.E.2d 704, 708-09 (1992).  In general terms, indemnity transfers liability from one who has been compelled to pay damages to another who should bear the entire loss.  41 Am. Jur. 2d 
Indemnity
 §1 (1995).  The right to indemnification may be express, established in a contractual provision, or implied, based upon the nature of the relationship between the tortfeasors.  41 Am. Jur. 2d 
Indemnity
 §2 (1995).

After our careful review, we hold that the principles of contribution and indemnification are not applicable in this case. Levin and the law firm are not joint tortfeasors because a motion for Rule 137 sanctions is not an action in tort.  Rather,  Rule 137 has a specific purpose of preventing the abuse of the judicial process by punishing individuals who sign pleadings bringing vexatious or harassing litigation based upon unfounded statements.  See 
Doe v. Roe
, 289 Ill. App. 3d 116, 131, 681 N.E.2d 640, 651 (1997).  The rule is penal in nature and not based upon common-law tort principles; therefore, the concepts of contribution among joint tortfeasors and joint liability are inapplicable.  See generally 740 ILCS 100/2 (West 1998); 735 ILCS 5/2--1117 (West 1998). 

Furthermore, the record shows there was no express promise to indemnify between Levin and the law firm.  For the reasons that follow, we also reject Levin's argument that the law firm should be held liable under a theory of implied indemnification based upon principles of agency.

Supreme Court Rule 137 provides:  

"Every pleading, motion and other paper of a party represented by an attorney 
shall be signed by at least one attorney of record in his individual name
, whose address shall be stated.  A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. *** 
The signature of an attorney or party constitutes a certificate by him
 that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, 
the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction
, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."  (Emphasis added.)  155 Ill. 2d R. 137.

Our Rule 137 and Rule 11 of the Federal Rules of Civil Procedure (FRCP 11) are virtually identical.  Fed. R. Civ. P. 11.  In 
Pavelic & LeFlore v. Marvel Entertainment Group
, 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989), the Supreme Court looked to the language of FRCP 11 to decide whether a law firm could be sanctioned for the actions of one of its attorneys.  The Court determined that, under the plain meaning of the statute, only the person who signed a pleading in violation of the rule may be sanctioned for it.  The Court rejected the application of principles of agency in this situation, reasoning:

"We are not dealing here, however, with common-law liability, but with a Rule that strikingly departs from normal common-law assumptions such as that of delegability.  The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment.  Where the text establishes a duty that cannot be delegated, one may reasonably expect it to authorize punishment only of the party upon whom the duty is placed.  We think that to be the fair import of the language here." 
Pavelic
, 493 U.S. at 125, 107 L. Ed. 2d at 444, 110 S. Ct. at 459.

We find the 
Pavelic
 decision well reasoned and persuasive as it relates to our construction of Rule 137.  We hold, therefore, that only the individual attorney who signed the pleading, the represented party, or both, may be sanctioned under Rule 137.  Rule 137 imposes a personal responsibility on the individual signer to validate the truth and legal reasonableness of the pleadings and other documents filed with the court.  
This personal responsibility is nondelegable and not subject to principles of agency or joint and several liability.  "The message thereby conveyed to the attorney, that this is not a 'team effort' but in the last analysis 
yours alone
, is precisely the point of [the rule]."  (Emphasis in original.)  
Pavelic
, 493 U.S. at 127, 107 L. Ed. 2d at 445, 110 S. Ct. at 460.

We acknowledge that, in 
Brubakken
, the First District of our court held that a law firm may be held jointly and severally liable for sanctions entered against one of its attorneys.  However, the court did not weigh the language of Rule 137 in rendering its decision.  
Brubakken
, 240 Ill. App. 3d at 686-87, 608 N.E.2d at 476.  Because we find the 
Brubakken
 decision irreconcilable with the plain meaning of Rule 137, we decline to follow it.  

Our decision to follow the reasoning in 
Pavelic
 is consistent with two other decisions by the First District.  See 
Monco v. Janus
, 222 Ill. App. 3d 280, 298, 583 N.E.2d 575 (1991) (finding that although a motion for sanctions named two attorneys and a law firm, only the signing attorney could be held liable for sanctions); 
Bachmann v. Kent
, 293 Ill. App. 3d 1078, 1085-

086, 689 N.E.2d 171 (1997) (citing 
Pavelic
 with approval).

In sum, we determine that Levin has failed to state a cause of action against his law firm based on principles of contribution or indemnification.  Furthermore, Levin cannot, as a matter of law, recover against his law firm under principles of agency because Rule 137 sanctions may only be imposed upon the individual attorney who signs a document, the represented party, or both.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

SLATER, PJ. and LYTTON, J. concurred.