No. 2--06--0188          Filed: 3-1-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MEDICAL ALLIANCES, LLC, NEUROLOGICAL TESTING SERVICES, LLC, and DIAGNOSTIC SERVICES AMERICA, LLC, | ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Nos. 01--CH--206 01--L--1076 |
| HEALTH CARE SERVICE CORPORATION, d/b/a BlueCross BlueShield of Illinois, | ) ) ) | 01--L--1077 |
| Defendant-Appellant | ) ) | Honorable Stephen E. Walter, |
| (Gardner Carton and Douglas, LLP, Appellee). | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Health Care Service Corporation, d/b/a BlueCross BlueShield of Illinois (HCSC), appeals from the trial court's order denying in part its motion for sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). HCSC was sued by plaintiffs, Medical Alliances, LLC, Neurological Testing Services, LLC, and Diagnostic Services America, LLC, in 2001. Plaintiffs alleged that HCSC wrongfully refused to pay claims for neurological tests that they had performed. On July 13, 2005, HCSC filed a motion for Rule 137 sanctions against plaintiffs as well as their counsel, Gardner Carton & Douglas, LLP (GCD). HCSC did not request sanctions against the individual attorney who signed the pleadings. On December 30, 2005, the trial court granted HCSC's

motion for sanctions against plaintiffs, finding that "the record is clear that the respondent corporations undertook and continued this litigation without a reasonable basis for recovery in fact or law." However, it denied HCSC's request for sanctions against GCD, finding that HCSC did not establish that GCD "failed to conduct the requisite reasonable inquiry." On appeal, HCSC argues that the trial court abused its discretion by denying its request for sanctions against GCD. We affirm on the basis that Rule 137 does not allow for sanctions against a law firm.

Rule 137 provides, in relevant part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." (Emphasis added.) 155 Ill. 2d R. 137.

Generally, the decision whether to grant Rule 137 sanctions is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. Morris B. Chapman & Associates, Ltd. v. Kitzman, 193 Ill. 2d 560, 579 (2000). However, the construction of a supreme court rule presents a question of law that we consider de novo. People v. Trimarco, 364 Ill. App. 3d 549, 551 (2006). We construe supreme court rules according to the principles that govern the construction of statutes. Robidoux v. Oliphant, 201 Ill. 2d 324, 332 (2002). Our primary task is to ascertain and give effect to the drafter's intent. Robidoux, 210 Ill. 2d at 332. " 'The most reliable indication of [that] intent is the language used, which should be given its plain and ordinary meaning.' " Robidoux, 210 Ill. 2d at 332, quoting In re Estate of Rennick, 181 Ill. 2d 395, 405 (1998). Furthermore, because of Rule 137's penal nature, it must be strictly construed. Dowd & Dowd, Ltd. v. Gleason, 181 Ill. 2d 460, 487 (1998).

Rule 137 states that every pleading or other paper of a party represented by an attorney "shall be signed by at least one attorney of record in his individual name" and that the "signature of an attorney *** constitutes a certification by him" that the document conforms to certain requirements. 155 Ill. 2d R. 137. The rule further states that if a document violates the rule, the trial court may sanction "the person who signed it, a represented party, or both." 155 Ill. 2d R. 137. Thus, Rule 137 specifically requires that at least one attorney sign each document in his own name, and it permits the trial court to sanction only the person who signed the document and/or the client.

In Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989), the United States Supreme Court addressed the issue of whether a court could sanction a law firm under the pre-1993 version of Rule 11 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 11 (1992)). That version of Rule 11 contains language that is almost identical to the

above-quoted portion of Rule 137. Compare Fed. R. Civ. P. 11 (1992) with 155 Ill. 2d R. 137. In reference to the sentence that allows a court to sanction "the person who signed it [the document], a represented party, or both," the Supreme Court recognized that the phrase "the person who signed it" could arguably refer to a legal entity such as a partnership. Pavelic, 493 U.S. at 124, 107 L. Ed. 2d at 443, 110 S. Ct. at 458. However, it then stated:

"[I]n a paragraph beginning with a requirement of individual signature, and then proceeding to discuss the import and consequences of signature, we think references to the signer in the later portions must reasonably be thought to connote the individual signer mentioned at the outset. It is as strange to think that the phrase 'person who signed' in the last sentence refers to the partnership represented by the signing attorney, as it would be to think that the earlier phrase 'the signer has read the pleading' refers to a reading not necessarily by the individual signer but by someone in the partnership; or that the earlier phrase '[i]f a pleading ... is not signed' refers not to an absence of individual signature but to an absence of signature on behalf of the partnership. Just as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run as to him." (Emphasis in original.) Pavelic, 493 U.S. at 124, 107 L. Ed. 2d at 443-44, 110 S. Ct. at 458-59.

The Supreme Court further held that the duty imposed by Rule 11 was nondelegable and that a signature on a firm's behalf would not satisfy the rule. Pavelic, 493 U.S. at 125-26, 107 L. Ed. 2d at 444-45, 110 S. Ct. at 459-60.

We agree with the Supreme Court's analysis as applied to Rule 137. As the Supreme Court discussed, the plain language precludes a construction that would allow the court to sanction the signing attorney's firm. We further note that Rule 11 was amended in 1993 to allow a court to

"impose an appropriate sanction upon the attorneys, <u>law firms</u>, or parties that have violated" the rule. (Emphasis added.) Fed. R. Civ. P. 11. Rule 137 was also amended in 1993, but no similar language was added to allow a court to sanction the signing attorney's firm. See 155 Ill. 2d R. 137.

In <u>Levin v. Seigel & Capitel, Ltd.</u>, 314 Ill. App. 3d 1050, 1053 (2000), the Third District similarly cited <u>Pavelic</u> and held that under Rule 137, a trial court may sanction only the individual attorney who signed the pleading and/or the represented party, and not the attorney's firm. The <u>Levin</u> court rejected the plaintiff attorney's argument that his law firm should be held liable for any sanctions imposed upon him; it held that the personal responsibility imposed under the rule is nondelegable and not subject to principles of agency or joint and several liability. <u>Levin</u>, 314 Ill. App. 3d at 1053-54. The First District has also relied on <u>Pavelic</u> to reach the same conclusion. See <u>Monco v. Janus</u>, 222 Ill. App. 3d 280, 298 (1991) (under section 2--611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2--611), the precursor to Rule 137, only the signing party could be sanctioned); see also <u>Bachmann v. Kent</u>, 293 Ill. App. 3d 1078, 1085-86 (1997) (a law firm's signature on a paper, rather than an individual attorney's, violates Rule 137). Although another First District case, <u>Brubakken v. Morrison</u>, 240 Ill. App. 3d 680, 686-87 (1992), held that a law firm was jointly and severally liable for the Rule 137 sanctions entered against its attorney, that case did not analyze Rule 137's language in reaching its conclusion. We also note that <u>Brubakken</u> differs from the instant case in that HCSC sought sanctions against GCD directly, rather than through joint and several liability for the actions of GCD's attorney. In any event, we join the <u>Levin</u> and <u>Monco</u> courts in holding that a trial court may not sanction a law firm under Rule 137. Accordingly, we affirm the trial court's ruling denying HCSC sanctions against GCD. See <u>Central Illinois Electrical Services, LLC v.</u>

Slepian, 358 Ill. App. 3d 545, 550 (2005) (the appellate court may affirm the trial court's judgment on any basis in the record, regardless of the trial court's reasoning).

III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Lake County circuit court.

Affirmed.

BYRNE and CALLUM, JJ., concur.