Abbas v. Martin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DEBRA ANN LIVINGSTON,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
HASSAN ALI ABBAS, ESQ.,
         Plaintiff-Appellant,

         -v.-                                    16-1089

RICHARD A. MARTIN, ESQ., ORRICK,
HERRINGTON & SUTCLIFFE LLP,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            HASSAN A. ABBAS, pro se,
                          Hanover Park, IL.

1

**FOR APPELLEES:**                    KELLY M. DALEY (Peter A.
                                    Bicks, <u>on the brief</u>),
                                    Orrick, Herrington &
                                    Sutcliffe LLP, New York,
                                    NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Hassan Abbas appeals pro se from a final order of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>) dismissing his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On July 16, 2014, this Court granted a motion for sanctions against Abbas in an unrelated lawsuit brought by Abbas and a Congolese corporation (of which Abbas was the sole corporate officer) against two banks that were represented by Orrick, Herrington & Sutcliffe LLP ("Orrick"). Abbas, a lawyer, was then "of counsel" to the law firm Handler Thayer LLP ("Handler Thayer"). Later that day, Richard A. Martin, then a partner at Orrick, notified Handler Thayer by email that if Abbas did not pay the sanctions, Orrick would "look to" Handler Thayer to do so. App'x at 33. When, soon after, Handler Thayer terminated its "of counsel" arrangement with Abbas,[1] Abbas then filed

---

[1] According to Abbas, this was an informal arrangement and was not governed by contract.

the present action alleging that Martin's email constituted tortious interference with Abbas's business relationship. The district court dismissed the complaint on the ground that it failed to plausibly allege the claim.

Under New York law, which the parties agree controls here, a plaintiff alleging tortious interference must establish that "(1) [he] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003).

"[A]s a general rule, the defendant's conduct must amount to a crime or an independent tort" in order to constitute tortious interference. Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190 (2004). Where (as here) no such crime or independent tort is alleged, a defendant may nevertheless be held liable if he engages in conduct "for the sole purpose of inflicting intentional harm on plaintiff[]," id., or, perhaps, if he has employed other "wrongful means," id. at 191. Assuming, arguendo, the latter exception exists, the New York Court of Appeals has suggested that "'wrongful means' include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions," id., and "extreme and unfair economic pressure," id. at 192 (internal quotation marks omitted).

Abbas alleges that Martin's email was motivated solely by malice and that it qualifies as "wrongful means." As to malice, given Martin's interest in ensuring that his clients collect the monetary sanctions they were owed, Abbas has not plausibly alleged that Martin's motivation was devoid of "legitimate economic self-interest." Id. at 191; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)). And Martin had

3

at least an arguable basis under agency principles for seeking payment from the potentially deeper pocket of Abbas's firm in the event Abbas defaulted.[2]  Under Illinois law (Handler Thayer is a Chicago firm), a law firm may be held liable for monetary sanctions imposed on one of its lawyers acting within the scope of his authority.  See Brubakken v. Morrison, 240 Ill. App. 3d 680, 686-87 (1992).

As to "wrongful means," an email from one law firm to another informing it that it may be held accountable for the monetary sanctions imposed on one of its attorneys bears no resemblance to the type of conduct the New York Court of Appeals has identified as tortious interference.  The email was neither fraudulent nor "extreme and unfair," and therefore was not wrongful.  Carvel Corp., 3 N.Y.3d at 192.

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] This is especially true given Abbas's undisputed use of Handler Thayer email and letterhead in the lawsuit in which he was sanctioned -- in fact, the latter was mentioned in Martin's email.